UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | C.A. No. 2:11-cv-00009-SSV-KWR |
| OF WHITE TAIL OILFIELD SERVICES, | § | |
| LLC, AS OWNER AND OPERATOR OF | § | |
| M/V WHITETAIL I, HER ENGINES, | § | |
| TACKLE, APPURTENANCES, | § | |
| FURNITURE, ETC. PRAYING FOR | § | |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | SEC. R          MAG 4 |

## CLAIM AND ANSWER OF NICK HOTARD

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT THROUGH UNDERSIGNED COUNSEL COMES Claimant, NICK HOTARD ("Hotard" and/or "Claimant"), and under protest and without prejudice to his position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, for his Claim and Answer to the Complaint for Exoneration from or Limitation of Liability filed by White Tail Oilfield Services, LLC ("Whitetail" and/or "Petitioner"), respectfully shows:

### I.  CLAIM FOR DAMAGES

1.      On or about September 1, 2010, Claimant NICK HOTARD sustained severe and disabling injuries to his person, mental anguish, and other injuries, while working aboard Petitioner's spud barge, M/V WHITETAIL I, which took on water and sank.

2.      Due to the negligence, carelessness and fault of Petitioner, as the alleged owner and/or operator of the spud barge, M/V WHITETAIL I, and the unseaworthiness thereof, all of which were within Petitioner's privity and knowledge, Claimant sustained severe and disabling bodily injuries resulting in disfigurement and damages.   Petitioner is therefore liable, directly and vicariously, for the negligence of its employees, agents and representatives in this regard.

3.      Nothing Claimant did, or failed to do, on the occasion in question caused or in any way contributed to cause Claimant's injuries and resultant damages.

4.      Claimant is entitled to maintain an action and bring this claim for the following damages arising out of his above-described injuries: physical pain and suffering, past and future; mental anguish past and future;  loss of earnings and wage-earning capacity; and  loss of household services.  Claim is also made for costs of Court, and pre-judgment and post-judgment interest to which Claimant is entitled under the law.  Claim is also made for gross negligence and punitive damages pursuant to the general maritime law.

5.      Claimant's damages are unliquidated at this time, but will clearly exceed the alleged value of the vessel herein and any freight then pending.

6.      These claims are being made under protest and without prejudice to Claimant's position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed.

7.      Similarly, these claims are being made without prejudice to Claimant's challenging the sufficiency of Petitioner's limitation fund by written motion and/or moving this Honorable Court for an order to increase the value of Petitioner's limitation fund.

WHEREFORE PREMISES CONSIDERED, Claimant NICK HOTARD prays that judgment be awarded against Petitioner in his favor in an amount to be determined by the trier of fact herein, for all costs of court, attorneys' fees, interest, both pre-judgment and post-judgment, and all other and further relief, both in law and in equity, to which Claimant may be justly entitled.

2

## II.  ANSWER TO COMPLAINT

COMES NOW Claimant NICK HOTARD ("Hotard" and/or "Claimant") and in Answer to the Complaint for Exoneration From or Limitation of Liability (Doc. 1) filed by Whitetail Oilfield Services, LLC ("Whitetail" and/or "Petitioner"), under protest and without prejudice to his position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, respectfully shows:

1.      Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph I, and therefore denies same.

2.      Claimant is without sufficient knowledge or information to form a belief as to the truth of the facts and allegations stated in paragraph II, and therefore denies same.

3.      Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph III, and therefore denies same.

4.      Claimant admits the allegations contained in paragraph IV; however, Claimant is unable to admit or deny whether the location of the sinking is located within this District.

5.      Claimant admits that the M/V WHITETAIL I sank off the coast of Louisiana in or around Breton Sound.

6.      With respect to the allegations contained in paragraph VI, Claimant admits that, through his attorneys, Claimant has filed a legal action against Petitioner in a state district court for Harris County, Texas.  Claimant is unable to admit or deny the remainder of the allegations contained in paragraph VI.

7.      The allegations of paragraph VII contain legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required,

said allegations are denied for lack of sufficient knowledge or information to justify a belief therein.

8.     Claimant denies the allegations contained in paragraph VIII.

9.     Claimant denies the allegations contained in paragraph IX and demands strict proof thereof.

10.     Claimant denies the allegations of paragraph X and demands strict proof thereof.

11.      Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph XI, and therefore denies same.

12.     The allegations contained in paragraph XII contain legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required, said allegations are denied.

13.     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph XIII.

14.     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph XIV.

15.     There is no paragraph XV.

16.     The allegations contained in paragraph XVI contain legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required, said allegations are denied.

17.     The allegations contained in paragraph XVII contain legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required, said allegations are denied.

18.    The allegations contained in paragraph XVIII contain legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required, said allegations are denied.

Claimant states the allegations that are contained in the paragraph beginning "WHEREFORE," do not require an answer, but, in an abundance of caution, Claimant denies said paragraph and its subparts, 1 through 9. Claimant specifically denies that Petitioner is entitled to exoneration from and/or limitation of liability. Further answering, Claimant respectfully raises the following defenses, showing:

19.    Petitioner's Complaint For Exoneration From or Limitation of Liability fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

16.    Petitioner is not entitled to exoneration from and/or limitation of liability.

17.    Claimant's injuries and resultant damages were caused by the negligence, carelessness and fault of Petitioner.

18.    Claimant's injuries and resultant damages were caused by the unseaworthiness of the M/V WHITETAIL I, which will be shown at the trial of this matter and was known to the Petitioner. Said privity and knowledge bar exoneration from or limitation of liability herein.

19.    Petitioner had privity and knowledge of the negligence, fault and unseaworthiness, and is thus ineligible to seek limitation and/or exoneration.

20.    The Limitation of Liability Act as applied herein is unconstitutional, depriving Claimant of his rights to equal protection and due process of law.

21.    On information and belief, the M/V WHITETAIL I had a market value and/or freight then pending that far exceeds the values alleged by Petitioner's Complaint. This Court should

accordingly appoint a commissioner in due course and conduct a hearing to ascertain the values at issue.

22.     Claimant further alleges that Petitioner's Complaint should be denied due to the negligence and fault of Petitioner, the unseaworthiness of the vessel, and the privity and knowledge of Petitioner.

23.     Claimant further alleges there was insurance coverage(s) on the vessel insuring Petitioner in the event of an occurrence such as that which is the subject of Claimant's claim, and the proceeds of said insurance policy(ies) should be included in any limitation proceeding, in the event this Court determines that a limitation proceeding is appropriate and proper.

24.     Claimant further alleges that Petitioner failed to provide adequate security, both in form and amount, and, for that reason, Petitioner's Complaint should be dismissed and/or limitation denied.

25.     Without waiving the claim that Petitioner is not entitled to exoneration from or limitation of liability, Claimant reserves his right to demand a trial by jury in the forum of his choice pursuant to the "savings to suitors" clause of the Judiciary Act of 1789, 28 U.S.C. §1333.

26.     The Petition for Limitation of Liability should be dismissed for lack of subject matter jurisdiction, and for failure to name proper and necessary parties.

WHEREFORE, PREMISES CONSIDERED, Claimant NICK HOTARD prays that Petitioner's Complaint For Exoneration From Or Limitation of Liability be dismissed; alternatively, Claimant prays that the Court appoint a commissioner to appraise the vessel and that Claimant have judgment against Petitioner for the full value of his claim; and for such other and further relief to which Claimant may be justly entitled.

Respectfully submitted,

/s/ Joseph L. Waitz, Jr.
Joseph L. Waitz, Jr.
LA State Bar No. 17848
P.O. Box 2454
Houma, LA 70361
Telephone:      985-876-0131
Facsimile:      985-876-9732
Email:          jwaitzjr@yahoo.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
Francis I. Spagnoletti
TX State Bar No. 18869600
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:      713-653-5600
Facsimile:      713-653-5656
Email:          fspagnoletti@spaglaw.com

ATTORNEYS FOR CLAIMANT, NICK HOTARD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, Certified Mail/RRR or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this 4th day of April, 2011.

*/s/ Joseph L. Waitz, Jr.*
Joseph L. Waitz, Jr.